Filed 6/12/14  P. v. Guillen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049164 |
| v. | (Super. Ct. No. 09CF0684) |
| MIGUEL LOPEZ GUILLEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, M. Marc Kelly.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

\*        \*        \*

Miguel Lopez Guillen appeals from a postjudgment order requiring him to pay victim restitution (Pen. Code, § 1202.4, subd. (f)) following his conviction of murder and attempted murder. Guillen's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts of the case, the procedural history, and possible legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues. Counsel did not argue against his client or assert the appeal was frivolous. Counsel also submitted a declaration stating he had advised Guillen of the nature of the brief, stated he would send Guillen a copy of the brief and appellate record, and had informed him he could file a brief on his own behalf. Counsel also stated he was not requesting to withdraw, but he would advise Guillen he could move to have counsel relieved. Finally, counsel informed us the principal issue at the restitution hearing was whether the rules of evidence applied. (See *People v. Prosser* (2007) 157 Cal.App.4th 682, 692 [the rules of evidence do not apply at a restitution hearing given that it is part of the sentencing process]; accord, *People v. Baumann* (1985) 176 Cal.App.3d 67, 81.) We gave Guillen 30 days to file a supplemental brief. He did not avail himself of the opportunity. For the reasons expressed below, we affirm the order.

FACTS AND PROCEDURAL BACKGROUND

In September 2010, a jury convicted Guillen of second degree murder and attempted murder. In October 2011, the trial court sentenced him to life in prison with no parole eligibility for 32 years. Guillen waived his right to attend a future victim restitution hearing. We affirmed the judgment in an unpublished opinion. (*People v. Guillen* (Sept. 27, 2012, G045989) [nonpub. opn.].)

On October 11, 2013, the trial court conducted the restitution hearing. The prosecution offered Exhibit 1, documents from the Victim Compensation and Government Claims Board, reflecting the Board had paid $10,200 in victim restitution (Pen. Code, § 1202.4, subd. (f)(4)(B)) on Guillen's case, including $7,500 in funeral and burial expenses to Manuel Amezola, $1,890 for mental health services to Ernestina Amezola, and $810 for mental health services to Evelyn Amezola.

Defense counsel objected to the exhibit: "Hearsay. Violates our due process rights to confront and cross-examine witnesses and appears to violate 1530, 1531 of the Evidence Code. [¶] These are copies. There's no stamped certification that they are true and accurate copies of the originals. No seal on that, any one of these documents, as that term is defined in the Code of Civil Procedure. Not self-authenticating pursuant to 1400 of the Evidence Code. [¶] Your honor, I can see there is a certification on there, but that's just a certification to how the custodian of records got it. It's not a certification of the truthfulness of the underlying contents."

The court overruled the objections: "Well, the main thing for me is whether or not these documents are reliable and are trustworthy. And it certainly appears that they are. Nothing in here appears to be out of the ordinary. These are not the type of documents that typically are fabricated or falsified. And all the expenses appear to be justified in my eyes." The court received no other evidence. The court ordered Guillen to pay $10,200 in victim restitution. Guillen filed a notice of appeal from the order.

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. Guillen has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106

3

[appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved.  Consequently, we affirm the order.  (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The postjudgment victim restitution order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

4